

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-25,057-12

### IN RE RODNEY JOHN RAMIREZ, Relator

### ON APPLICATION FOR A WRIT OF MANDAMUS
### CAUSE NO. 59793 IN THE 327TH DISTRICT COURT
### FROM EL PASO COUNTY

*Per curiam.*

### OPINION

Relator filed a motion for leave to file a writ of mandamus pursuant to the original jurisdiction of this Court. In it, he contended that he filed an 11.07 application for a writ of habeas corpus in the convicting court on April 2, 2013. He alleged that more than 35 days had elapsed since the filing date and that a timely order designating issues has not been entered. He asked this Court to order the district clerk to forward his 11.07 application.

On September 24, 2014, this Court held this application in abeyance and ordered the district

clerk to respond because more than 35 days had elapsed since the alleged filing date and this Court had no record of a timely entered order designating issues. In response to this Court's order, the district clerk forwarded extensive records pertaining to an application filed by Applicant in the district court on December 3, 2009. Because that application was not on the prescribed form, the application was not processed by this Court as an Article 11.07 habeas application, and was returned to the district court. Applicant was apparently informed of this action, and was provided with the Article 11.07 application form, which he allegedly filled out and filed in the district court on April 2, 2013. In the meantime, Applicant's non-compliant filing of December 3, 2009 was processed as a habeas application filed pursuant to Article 11.05 of the Texas Code of Criminal Procedure. The application which Applicant filled out on the Article 11.07 habeas form and filed in the district court on April 2, 2013, was never forwarded to this Court. It is this application which was the subject of this Court's September 24, 2014 mandamus order.

As of this date, this Court has not received Relator's 11.07 application for a writ of habeas corpus. Nor has the El Paso District Clerk submitted any of the responses described in this Court's September 24, 2014 abeyance order. This Court now conditionally grants this motion for leave to file an application for a writ of mandamus.

Upon receipt of an application for a writ of habeas corpus challenging a final felony conviction, the attorney representing the State has 15 days to respond. TEX. CODE CRIM. PROC. art. 11.07 §(b). After the expiration of the time allowed for the State to respond, the trial court is allowed 20 days to determine whether the application contains allegations of controverted, previously unresolved facts material to the legality of the applicant's confinement. TEX. CODE CRIM. PROC. art. 11.07 §3(c). If the trial court determines that the application for writ of habeas corpus presents such

issues it "shall enter an order within 20 days of the expiration of the time allowed for the state to reply, designating issues of fact to be resolved." *Id.* If the trial court enters a timely order designating issues, it has 180 days from the date of receipt of the application by the State to resolve those issues designated for resolution, and on the 181st day from the date of receipt of the application by the State, the district clerk shall forward the writ record to this Court unless the district court has received an extension of time from this Court. TEX. R. APP. P. 73.4(b)(5).

In this case, Relator alleges he filed the application for a writ of habeas corpus in the trial court on April 2, 2013. The district clerk has not responded to this Court's order by submitting the record on such habeas corpus application, submitting a copy of a timely filed order which designates issues to be investigated (see McCree v. Hampton, 824 S.W.2d 578, 579 (Tex. Crim. App. 1992)), or stating that Relator has not filed an application for a writ of habeas corpus in El Paso County. Furthermore, this Court has not received a motion for an extension of time from the district court pursuant to Rule 73.5 of the Texas Rules of Appellate Procedure.

We conditionally grant mandamus relief and direct the Respondent to comply with the September 24, 2014 abeyance order. The writ of mandamus will issue only in the event the Respondent fails to comply within thirty days of the date of this opinion.

Filed: June 3, 2015
Do not publish